TUCKER, Judge.
Plaintiff, Leonard J. Sitzman, was awarded $4,018.66 under a contract of indemnity with defendant-insurer to compensate him for losses incurred as the result of the burglary of Sitzman’s Department Store on September 8, 1964. Defendant appealed from this judgment and plaintiff answered the appeal asking for an increase in the award for loss of merchandise and also for penalties and attorney’s fees, which were denied by the trial court.
. Defendant appeals on two grounds: (1) that plaintiff either does not have any insurable interest in the store or that he has only a partial one and (2) plaintiff did not keep sufficient records to arrive at an accurate amount of the loss.
With regard to the first contention, i. e., the lack of insurable interest, the insurance policy contains the following provision:
“Ownership of Property; Interests Covered: The insured property may be owned by the insured, or held by the insured in any capacity whether or not the insured is liable for the loss thereof, or may be property as respects which the insured is legally liable; provided, the insurance applies only to the interest of the insured in such property, including the insured’s liability to others, and does not apply to the interest of any other person or organization in any of said property unless included in the insured’s proof of loss.” (Emphasis added.)
Defendant points out that Norvin Sitzman, son of the plaintiff, was identified by the investigating officer as the victim of the burglary rather than his father, the plaintiff-insured. The police officer also testified Norvin Sitzman stated that he was “one of the owners.” Defendant also relies on the testimony of Mrs. Sitzman who testified the plaintiff, her ex-husband, owned the store jointly with their two sons, although she did not know the percentage of interest each one had. However, this testimony was contradicted by Norvin Sitzman who identified his father as the owner of the business and said that he had identified himself to the police officer merely as the owner of the building; by the plaintiff who identified himself as owner; and by the store’s auditor, Mr. Victor J. LaRocca, who testified he reported the profits of the business only on the income tax returns of the plaintiff himself and that he had always *728 understood plaintiff was the sole owner of the business. We find there is sufficient evidence to justify the conclusion, implicit in the trial judge’s decision, that plaintiff was the sole owner and had a 100 percent insurable interest in the store.
In considering the second contention, i. e., the lack of sufficient records to determine the loss, we will analyze how the various figures estimating the loss were derived. Immediately after the burglary Mrs. Sitz-man made a descriptive list of merchandise missing from the store which she furnished to the police. According to this list, the total loss was $3,883.42 — $3,604.76 merchandise and $278.66 cash. Mrs. Sitzman compiled the merchandise list by going through the store and listing the items she thought were missing. We do not believe this list should be the basis for recovery because: (1) it was compiled solely for the purpose of giving the police an immediate descriptive list and not for insurance purposes; (2) because Mrs. Sitzman testified the list was merely an estimate and that she “spot-checked and approximated the amount; ” and (3) because Mrs. Sitzman did not use any acceptable accounting method to arrive at that figure.
Nor can we accept the trial judge’s method of determining the loss of merchandise which he found to be $3,690.00. (In addition, he awarded $50.00 property damage and $278.66 for cash stolen.) The trial judge determined the figure for loss of merchandise in the following manner: he took 15% of $24,601.00, which he found was the value of merchandise on hand at the time of the burglary. However, the only basis that he had for using the 15% was the testimony of Mr. LaRocca who said that he thought that approximately 15% of the merchandise was missing. However, Mr. LaRocca who visited the store weekly, only in the capacity of accountant, admitted this estimate was purely speculative.
On the other hand, both Mr. La-Rocca and Mr. Vincent Morici, a certified public accountant employed by the insurance company, used what both testified was an acceptable method for arriving at the loss. First, they took the stock on hand January 1, 1964 and added to it the stock purchased between that time and September 30, 1964. From that figure they subtracted the amount of sales, at cost, from January 1, 1964 to September 30, 1964, together with the inventory, at cost, at the time of the burglary to arrive at the amount of stolen merchandise. The following are Mr. La-Rocca’s figures:
$20,340.80 — merchandise at cost on hand January 1, 1964
21,892.27 — cost of new merchandise purchased from January 1, 1964 to _ September 30, 1964
$42,233.07 — total amount of merchandise which would have been on hand at the time of the burglary, if there had been no sales
$18,803.18 — actual cost of merchandise sold from January 1, 1964 to September 30, 1964
15,967.34 — actual cost of merchandise inventoried September 30, 1964 $34,770.52
$42,233.07
-34,770.52
$ 7,462.55 — actual cost of missing merchandise
Mr. Morici used the same method but, because he found four invoices not used by Mr. LaRocca in his computations of the cost of the purchase of new merchandise, he *729 arrived at the figure of $8,632.87. However, it is Mr. Morici’s contention that this is not a valid amount which he could certify because he had insufficient records upon which to base it. His two main complaints are: (1) lack of sales slips and (2) the fact that he had nothing upon which to base the amount of goods on hand January 1, 1964 except plaintiff’s income tax return. Nevertheless Mr. Morici did admit that he based his estimate of sales on cash register tapes which he compared with a daily sales journal and found the figures to coincide. He also admitted he checked the sales figures which were given the City of New Orleans for sales tax purposes and found them to be the same which he obtained from the daily cash register tapes and the sales journals. With regard to the amount of merchandise on hand January 1, 1964, Mr. LaRocca testified this figure was based on an extensive inventory. Therefore, we conclude there were sufficient records upon which the accountants could base their computations
In his answer to the appeal, plaintiff asked for an increase in the judgment to the figure arrived at by Mr. Morici — $8,-632.87. However, we note that in his petition plaintiff only prayed for the amount computed by Mr. LaRocca, i. e., $7,462.00, and this sum is, therefore, all he can he allowed. Regarding the awards for loss of cash and damage to the store building, these items were not satisfactorily proven and in addition, by asking for a figure which represented loss of merchandise only, plaintiff effectively abandoned his demand for these items on appeal.
We will also disallow the claim for penalties and attorney’s fees, as did the trial judge. Under all the circumstances, and especially in view of the fact the insurer was informed by an accounting firm which it hired that there was no basis upon which it could arrive at a loss figure, we do not find defendant acted in an arbitrary and capricious manner in failing to pay the claim.
For the above reasons the judgment is amended to increase the award from $4,-018.66 to $7,462.00. Otherwise the judgment is affirmed; defendant to pay all costs in both courts.
Judgment amended and affirmed.